

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2007

# Hendricks v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hendricks v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1474.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1474

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-152                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4248
_____

JOHN HENDRICKS, Appellant

v.

JANET RENO, UNITED STATES ATTORNEY GENERAL;
ISRAEL RIVERA, WASHINGTON CORRECTIONAL FACILITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-02871)
District Judge:  Honorable William J. Martini
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 8, 2007

Before: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed: March 14, 2007)
_____

OPINION
_____

PER CURIAM

        John Hendricks appeals from the District Court's order denying his petition for a

writ of habeas corpus filed under 28 U.S.C. § 2241.  For the following reasons, we will

affirm the District Court's order.

Hendricks is an alien subject to a final order of removal from the United States. He challenged the final order of removal by filing a petition for review with the United States Court of Appeals for the Second Circuit. Hendricks also challenged his continued detention while awaiting removal from the United States. By order entered March 15, 2006, the Second Circuit stayed Hendricks' removal pending judicial review. The Second Circuit also transferred Hendricks' challenge to his continued detention to the United States District Court for the District of New Jersey to be treated as a habeas corpus petition under § 2241. The District Court concluded that Hendricks' continued detention is lawful and denied his habeas corpus petition. Hendricks filed a timely appeal to this Court. Meanwhile, Hendricks withdrew his petition for review of the final order of removal; the Second Circuit closed those proceedings on February 22, 2007.

We agree with the District Court that Hendricks' continued detention is permissible under the applicable statutory scheme. Generally, the government must effectuate the removal of an alien within ninety days of the final order of removal. See 8 U.S.C. § 1231(a)(1)(A); Zadvydas v. Davis, 533 U.S. 678, 682 (2001). During the removal period, the government detains the alien. See § 1231(a)(2); Zadvydas, 533 U.S. at 683. Aliens who are removable may be detained beyond the ninety-day period only as long as "reasonably necessary" to effectuate their removal from the United States.[1]

_____

[1]Based on the record before us, we are unable to determine whether Hendricks is removable or inadmissible. We need not determine his precise status, however, because the governing principles apply to removable aliens and inadmissible aliens alike. See Clark v. Martinez, 543 U.S. 371, 378 (2005).

Zadvydas, 533 U.S. at 689, 699.  The presumptive period reasonably necessary to effectuate removal is six months.  Id. at 701.  After the six-month period expires, the alien may be eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future."  Id.

Here, Hendricks asserts that he has been in detention continuously since February 2006, a period of time which obviously exceeds six months.  Under the statutory scheme, however, "[i]f the removal order is judicially reviewed and if a court orders a stay of removal," the removal period does not begin until "the date of the court's final order."  8 U.S.C. § 1231(a)(1)(B)(ii); see 8 C.F.R. § 241.4(g)(1)(i)(B); Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003).  As described previously, the Second Circuit ordered a stay of removal on March 15, 2006, but did not enter a final order in Hendricks' petition for review until February 22, 2007.  In other words, Hendricks' removal period has just begun; his continued detention during the removal period is permissible under the statute.

For these reasons, we will affirm the District Court's order denying Hendricks' habeas corpus petition.  In light of our disposition, Hendricks' request for appointment of counsel is denied.